E-FILED
Friday, 17 April, 2026  12:24:38 PM
Clerk, U.S. District Court, ILCD

IN THE
UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

GREGORY WALLACE,
    Plaintiff,

v.

    Case No. 4:26-cv-04009-JEH

WOODS, *et al.*,
    Defendants.

### Merit Review Order

Plaintiff, proceeding *pro se* and currently incarcerated at Western Illinois Correctional Center, filed a Complaint under 42 U.S.C. § 1983 alleging violations of his constitutional rights while he was detained at the Knox County Jail ("Jail"). (Doc. 1). This case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A.

**I**

In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 F. App'x 588, 589 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

1

## II

Plaintiff files suit against Defendants Dr. Woods and Nurse Amy. On November 25, 2025, Plaintiff alleges an inmate threw human feces at him, which got on his body and in his hair, mouth, ears, and eyes. The inmate informed Plaintiff he had human immunodeficiency virus ("HIV") and hepatitis C.

Shortly after the incident, Plaintiff alleges he began throwing up, sweating, feeling dizzy and weak, and experiencing a sore throat, headaches, and violent nightmares. Plaintiff alleges he developed obsessive compulsive disorder ("OCD") and experiences suicidal thoughts.

Between November 25, 2025 and January 12, 2026, Plaintiff submitted numerous sick call requests seeking medical treatment and testing for HIV and hepatitis C. Defendants Dr. Woods and Nurse Amy allegedly ignored Plaintiff's requests and did not provide any medical care.

Defendant Nurse Amy also allegedly downplayed the seriousness of the incident and told Plaintiff not to worry because the inmate is virus-free. Plaintiff alleges it is unclear, as inmates are not tested for sexually transmitted infections, HIV, or hepatitis upon admission to the Jail.

## III

Plaintiff's claim for constitutionally inadequate medical care arises under the Due Process Clause of the Fourteenth Amendment. *Miranda v. Cnty. of Lake*, 900 F.3d 335, 353-54 (7th Cir. 2018); *Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015). To establish a Fourteenth Amendment violation, a detainee must show (1) the defendant "acted purposefully, knowingly, or perhaps even recklessly when [he] considered the consequences of [his] handling of [plaintiff's] case," and (2) "the defendant's conduct was objectively unreasonable." *Miranda*, 900 F.3d at 351, 353 (citations omitted). In determining whether a challenged action is reasonable, the court must "focus on the totality of the facts and circumstances faced by the

2

individual alleged to have provided inadequate medical care and to gauge objectively—without regard to any subjective belief held by the individual—whether the response was reasonable." *McCann v. Ogle Cnty., Ill.*, 909 F.3d 881 at 888 (7th Cir. 2018); *see also Kingsley*, 576 U.S. at 397 (Objective reasonableness inquiry is case-specific and must be made from the perspective of a reasonable official present at the time, including what the official "knew at the time, not with the 20/20 vision of hindsight."). A plaintiff must prove that the defendant did not take reasonable available measures to abate a risk of serious harm to the plaintiff, even though a reasonable individual under the circumstances would have understood the high degree of risk involved, making the consequences of the defendant's conduct obvious. *Pittman by & through Hamilton v. Madison Cnty., Illinois*, 108 F.4th 561, 572 (7th Cir. 2024), *reh'g denied*, No. 23-2301, 2024 WL 3889635 (7th Cir. Aug. 21, 2024), and *cert. denied*, 145 S. Ct. 1154 (2025).

Plaintiff's allegations are sufficient to proceed on a Fourteenth Amendment claim against Defendants Dr. Woods and Nurse Amy based on the alleged denial of medical treatment and testing for HIV and hepatitis C after an inmate, who informed Plaintiff that he had tested positive for these viruses, threw his feces into Plaintiff's mouth, ears, and eyes on November 25, 2025.

Based on Illinois Department of Corrections online records, it appears that Plaintiff was a detainee at the Jail during the relevant period. However, if Plaintiff was an inmate, the Court also finds that Plaintiff's allegations are sufficient to proceed on an Eighth Amendment deliberate indifference claim against Defendants Woods and Amy.

## IV

Plaintiff filed two letters requesting confirmation that the Court received copies of his grievances. (Docs. 29, 30). Plaintiff attached one grievance dated December 15, 2025 to his Complaint. (Doc. 1 at p. 7). Additionally, the Court

3

received copies of multiple grievances labelled Exhibits 1-18 on February 25, 2026. (Doc. 11 at pp. 3-20).

**IT IS THEREFORE ORDERED:**

1) According to the Court's Merit Review of Plaintiff's Complaint under 28 U.S.C. § 1915A, Plaintiff alleged sufficient facts to proceed on a Fourteenth Amendment claim against Defendants Woods and Amy based on the alleged denial of medical treatment and testing for HIV and hepatitis C after an inmate, who informed Plaintiff that he had tested positive for these viruses, threw his feces into Plaintiff's mouth, ears, and eyes on November 25, 2025. Additional claims shall not be included in the case above, except in the Court's discretion on motion by a party for good cause shown under Federal Rule of Civil Procedure 15.

2) This case is now in the process of service. The Court advises Plaintiff to wait until counsel has appeared for Defendants before filing any motions to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time unless otherwise directed by the Court.

3) The Court will attempt service on Defendants by mailing a waiver of service. If Defendants fail to sign and return a waiver of service to the Clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshals Service on Defendants and will require Defendants to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

4) Defendants shall file an answer within 60 days of the date the Clerk sends the waiver of service. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In

4

general, an answer sets forth Defendants' position. The Court does not rule on the merits of those positions unless and until Defendants file a motion. Therefore, no response to the answer is necessary or will be considered. If Defendants have not filed an answer or appeared through counsel within 90 days of the entry of this Order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter a scheduling order setting discovery and dispositive motion deadlines.

5) If Defendants no longer work at the address Plaintiff provided, the entity for whom Defendants worked while at that address shall submit to the Clerk Defendants' current work address, or, if not known, Defendants' forwarding address. This information shall be used only for effectuating service. Documentation of Defendants' forwarding address shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

6) This District uses electronic filing, which means that after Defendants' counsel has filed an appearance, Defendants' counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Plaintiff does not need to mail to Defendants' counsel copies of motions and other documents that Plaintiff has filed with the Clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Plaintiff must mail his discovery requests and responses directly to Defendants' counsel. Discovery requests or responses sent to the Clerk will be returned unfiled unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defendants' counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.

7)	Defendants' counsel is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Defendants' counsel shall arrange the time for the deposition.

8)	Plaintiff shall immediately inform the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9)	Plaintiff shall be provided a copy of all pertinent medical records upon request.

10)	Within 10 days of receiving from Defendants' counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' counsel. The Clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

11)	The Clerk is directed to set an internal court deadline 60 days from the entry of this Order for the Court to check on the status of service and enter scheduling deadlines.

*It is so ordered.*

Entered: April 17, 2026

s/Jonathan E. Hawley
U.S. District Judge